UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| USCOC OF GREATER MISSOURI, LLC d/b/a U.S. CELLULAR, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) ) |
| COUNTY OF FRANKLIN, MISSOURI, | ) ) |
| Defendant(s). | ) |

Case No. 4:07CV1426 JCH

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings on Count III of the Amended Complaint ("Motion for Judgment"), filed March 10, 2008. (Doc. No. 25). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff USCOC of Greater Missouri, LLC d/b/a U.S. Cellular ("U.S. Cellular"), is a cellular telecommunications provider, organized under the laws of the State of Delaware and authorized to do business in the State of Missouri. (First Amended Complaint ("Complaint" or "Compl."), ¶ 1). U.S. Cellular maintains a nationwide cellular network, which it expands by building, maintaining and operating wireless communications towers. (Id.). Defendant County of Franklin, Missouri ("Franklin County"), is a political subdivision of the State of Missouri, organized and existing as a first-class county with a non-charter form of government. (Id., ¶ 2).

U.S. Cellular desires to construct a cellular telephone tower near the intersection of Highway 100 and Highway Z, in Franklin County. (Compl., ¶ 5). The property on which U.S. Cellular desires to construct the tower is zoned as an Agricultural Non-Urban zoning district. (Id., ¶ 6). Unless the

structure is otherwise permitted, Appendix F-7 of the Franklin County Land Regulations requires a conditional use permit to construct a tower in an Agricultural Non-Urban zoning district. (Id., ¶ 7).

In January, 2007, U.S. Cellular c/o Russell Been of Cellective Solutions, LLC, filed an application for a conditional use permit (the "Application") to construct a cell tower near the intersection of Highways 100 and Z. (Compl., ¶ 8). On or about February 20, 2007, the Franklin County Planning and Zoning Commission ("P&Z") held a meeting on the Application. (Id., ¶ 9). On or about March 7, 2007, Russell Been submitted supplemental information to the P&Z, including information regarding the alleged insufficiency of and/or inability to use alternative locations. (Id., ¶ 10).

On or about March 20, 2007, the P&Z held another meeting to evaluate U.S. Cellular's Application. (Compl., ¶ 11). During this meeting, the Commissioners voted to deny the Application. (Id.). A letter dated April 11, 2007, indicated the reason for the denial was that the Commissioners, "believed a better location could be found that could fulfill the purpose of this tower, either by co-locating on a nearby tower or choosing another location, possibly in a neighboring county." (Id., ¶ 13 and att. Exh. A).[1]

U.S. Cellular appealed the P&Z's denial to the Franklin County Board of Zoning Adjustment ("BZA"), asserting the decision was inconsistent with applicable Franklin County and federal law (the "Appeal"). (Compl., ¶ 16). On or about May 22, 2007, the BZA held a public hearing on the Appeal. (Id., ¶ 17). During the hearing, the BZA members reviewed radio propagation maps presented by the U.S. Cellular radio frequency engineer, and opined that U.S. Cellular could achieve its coverage objectives by building two sites, one on the Berger water tank and one on the New

---

[1] Section 81 of Franklin County's Unified Land Regulation requires the P&Z to issue a written decision. (Compl., ¶ 12).

Haven Ambulance District tower. (Id., ¶ 19).² Three of the five members of the BZA then voted in favor of a motion to deny U.S. Cellular's appeal. (Id., ¶ 22). On or about July 11, 2007, the BZA issued a written decision on the Appeal. (Id., ¶ 25 and att. Exh. B).³

U.S. Cellular filed its First Amended Complaint in this matter on December 31, 2007. (Doc. No. 16). In its Complaint, U.S. Cellular asserts the following causes of action: Violation of 42 U.S.C. § 332(c)(7)(B)(iii) (Lack of Substantial Evidence) (Count I); Violation of 42 U.S.C. § 332(c)(7)(B)(i)(I) (Unreasonable Discrimination) (Count II); Violation of Due Process Rights (Count III); and State Law Violations (Count IV). (Id., ¶¶ 30-57). As stated above, Franklin County filed the instant Motion for Judgment on March 10, 2008, asserting Count III of the First Amended Complaint must be dismissed for failure to state either a procedural or substantive due process claim. (Doc. No. 25).

## **MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD**

"A motion for judgment on the pleadings will be granted only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004) (internal quotations and citation omitted).⁴ In considering the motion, the Court accepts as true all facts pleaded by the nonmoving party, and draws all reasonable inferences from the facts in favor of the nonmoving party.

---

² U.S. Cellular's engineer testified that neither site individually would sufficiently meet U.S. Cellular's needs, and that utilizing both sites together would be uneconomical. (Compl., ¶¶ 20, 21).

³ Franklin County Unified Land Regulations require that any decision rendered by the BZA regarding an appeal must be in writing, and must state the "board's findings and conclusions, as well as supporting reasons or facts." (Compl., ¶ 23, quoting Unified Land Regulation, at Section 81: Written Decision).

⁴ "The standard of review for a Rule 12(c) motion is essentially the same as for Rule 12(b)(6)." Doran v. Missouri Dept. of Social Services, 2008 WL 111290 at *1 (W.D. Mo. Jan. 8, 2008) (citations omitted).

Syverson v. Firepond, Inc., 383 F.3d 745, 749 (8th Cir. 2004) (citation omitted). The Court generally must ignore materials outside the pleadings, but may consider those materials that are, "necessarily embraced by the pleadings," or are "part of the public record or do not contradict the complaint." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations and citations omitted).

## DISCUSSION

Count III of U.S. Cellular's First Amended Complaint states in its entirety as follows:

42. U.S. Cellular restates and incorporates its allegations set forth in paragraphs 1 through 29 as if set forth herein.

43. The Franklin County Unified Land Regulations do not allow either the P&Z or the BZA any discretion in determining whether to grant the permit and instead mandate the granting of that permit.

44. U.S. Cellular's Application fully complied with the Franklin County Unified Land Regulations and fulfilled all requirements for granting of the conditional use permit.

45. U.S. Cellular has a property interest, protected by the Fourteenth Amendment of the United States Constitution, in obtaining a conditional use permit from Franklin County.

46. Franklin County's denial of U.S. Cellular's Application was not rationally related to a legitimate public purpose.

47. Franklin County's denial of U.S. Cellular's Application violates U.S. Cellular's procedural and substantive due process rights provided by the Fourteenth Amendment of the United States Constitution.

48. Franklin County's denial of U.S. Cellular's Application violates U.S. Cellular's procedural and substantive due process rights provided by the Missouri Constitution, Article I, Section 10.

49. U.S. Cellular was damaged by Franklin County's denial of U.S. Cellular's Application and has lost the revenue that it would have [] received had Franklin County rightly granted the permit application.

(Compl., ¶¶ 42-49).

## I.  Due Process Claim Under The Missouri Constitution

As shown above, U.S. Cellular contends Franklin County's denial of its Application violated U.S. Cellular's procedural and substantive due process rights as provided by the Missouri Constitution, Article I, Section 10. (Compl., ¶ 48). In its motion, Franklin County essentially argues U.S. Cellular has failed to state a claim, as damages are not available for violations of this provision of the Missouri Constitution. (Motion for Judgment, PP. 4-5).

Upon consideration, the Court finds U.S. Cellular's claim under the Missouri Constitution is similar to one under 42 U.S.C. § 1983, which provides a cause of action for deprivations of rights secured by the federal Constitution or federal law. Hunter v. Underwood, 362 F.3d 468, 477 (8th Cir. 2004) (citation omitted).

> Such an action [under § 1983] is cognizable only because Congress enacted that legislation authorizing suits for federal constitutional violations. The Missouri General Assembly has not enacted similar legislation. Whether such a cause of action should be permitted is best left to the discretion of the General Assembly.

Moody v. Hicks, 956 S.W.2d 398, 402 (Mo. App. 1997); see also Gash v. Lafayette County, 2007 WL 324589 at *14 (Mo. App. Feb. 6, 2007) (rejecting a claim that the due process clause of the Missouri Constitution is "self executing," impliedly authorizing a tort action for damages for a violation of its guarantees). Franklin County's Motion for Judgment on this portion of U.S. Cellular's Complaint must therefore be granted.[5]

## II.  Federal Due Process Claim

The Due Process Clause of the Fourteenth Amendment prohibits governmental entities from depriving, "any person of life, liberty, or property, without due process of law." U.S. Const. Amend.

---

[5] Doran v. Missouri Dept. of Social Services, 2008 WL 111290 (W.D. Mo. Jan. 8, 2008), is distinguishable, as that case arose under Article I, § 26 of the Missouri Constitution, a provision that is "self-enforcing" and thus subject to private suits for damages. Id. at *5.

XIV, § 1. The Due Process Clause contains both procedural and substantive components. <u>Creason v. City of Washington</u>, 435 F.3d 820, 824 (8th Cir. 2006) (citation omitted). Under Eighth Circuit law, "[i]n analyzing a claim that the deprivation of property violates either procedural or substantive due process rights, a court must first consider whether the claimant has a protected property interest to which the Fourteenth Amendment's due process protection applies." <u>Ellis v. City of Yankton</u>, 69 F.3d 915, 917 (8th Cir. 1995) (citation omitted). Franklin County concedes for purposes of this motion that U.S. Cellular has alleged a property interest in the issuance of the zoning permit. (Motion for Judgment, PP. 5-6). The Court thus turns to a discussion of whether Franklin County's denial of the Application constituted a violation of U.S. Cellular's procedural or substantive due process rights.

### A. Procedural Due Process

Under Eighth Circuit law, "[t]o establish a procedural due process violation, a plaintiff need not only show a protected interest, but must also show that he or she was deprived of that interest without sufficient process, *i.e.*, without due process." <u>Swipies v. Kofka</u>, 419 F.3d 709, 715 (8th Cir. 2005) (citation omitted). "The due process clause ensures every individual subject to a deprivation the opportunity to be heard at a meaningful time and in a meaningful manner." <u>Id.</u> (internal quotations and citations omitted); <u>see also</u> <u>Hunter</u>, 362 F.3d at 478 (same).

Upon consideration, the Court finds U.S. Cellular has failed to state a procedural due process claim, because it has alleged neither a lack of notice nor a denial of the opportunity to be heard. <u>Carter v. Arkansas</u>, 392 F.3d 965, 969 (8th Cir. 2004) (citation omitted). Rather, in its Complaint U.S. Cellular includes allegations that it filed an application for the conditional use permit (through Russell Been of Cellective Solutions, LLC); that it submitted testimony to the P&Z in support of its application; that it submitted supplemental information to the P&Z prior to its ruling; that it appealed

the decision of the P&Z; and that it presented both evidence and testimony during the public hearing on the appeal. (Compl., ¶¶ 8-10, 16-21). U.S. Cellular further acknowledges it received written notice of the decisions on both its Application and the appeal. (Id., ¶¶ 13, 25). U.S. Cellular includes no allegations in its Complaint tending to show this notice and opportunity to be heard were constitutionally deficient, and so Franklin County's Motion for Judgment on U.S. Cellular's procedural due process claim must be granted.

      **B.**      **<u>Substantive Due Process</u>**[6]

As stated above, in its Complaint U.S. Cellular further includes a substantive due process claim. In support of this claim, U.S. Cellular alleges the P&Z denied its Application based on the Commissioners' belief that a better location could be found for the cell tower, even though the Franklin County Unified Land Regulations do not require an applicant to evaluate the availability of sites in neighboring counties. (Compl., ¶¶ 13, 14). U.S. Cellular further alleges the BZA members ignored U.S. Cellular's engineer's opinion regarding the sufficiency and feasibility of alternative sites, and instead reached their own conclusion without supporting expert testimony. (Id., ¶¶ 19-21). Based on these allegations, U.S. Cellular contends, "Franklin County's denial of U.S. Cellular's Application was not rationally related to a legitimate public purpose." (Id., ¶ 46).

The Eighth Circuit takes a, "very restrictive view as to when state and local land use planning, zoning, and licensing decisions violate an aggrieved party's federal right to substantive due process." <u>Martin v. City of Brentwood, Mo.</u>, 200 F.3d 1205, 1206 (8th Cir. 2000) (citation omitted). Thus,

---

[6] In its response to Franklin County's Motion for Judgment, U.S. Cellular states it is not pursuing a § 1983 substantive due process claim based on alleged violations of the Telecommunications Act. (Memorandum in Opposition to Defendant's Motion for Judgment on Pleadings as to Count III, P. 4). The Court thus will not address this portion of the Motion for Judgment in this Order.

after demonstrating a constitutionally protected property interest,[7] "'the plaintiff must allege something more than that the government decision [negatively impacting such interest] was arbitrary, capricious, or in violation of state law.'" Martin, 200 F.3d at 1206, quoting Chesterfield Dev. Corp. v. City of Chesterfield, 963 F.2d 1102, 1104 (8th Cir. 1992). Rather, to succeed a § 1983 plaintiff must demonstrate that the action complained of was "truly irrational." Bituminous Materials, Inc. v. Rice County, 126 F.3d 1068, 1070 (8th Cir. 1997); see also Carter, 392 F.3d at 969.[8]

In light of the extremely restrictive test applied to its substantive due process claim, it appears unlikely U.S. Cellular ultimately can prevail on this claim. Rucci v. City of Eureka, 1997 WL 33798081 at *3 (E.D. Mo. Oct. 17, 1997). Nonetheless, under the extremely deferential standard of review it must employ, the Court concludes Franklin County has failed to establish it is entitled to judgment as a matter of law at this time. Waldron, 388 F.3d at 593; see also Rucci, 1997 WL 33798081 at *3. Franklin County's Motion for Judgment as to U.S. Cellular's substantive due process claim must therefore be denied.

---

[7] As stated above, Franklin County concedes for purposes of this motion that U.S. Cellular has alleged a protected property interest in the issuance of the conditional use permit. (Motion for Judgment, PP. 5-6).

[8] By way of example, the Eighth Circuit suggested that an ordinance applying "only to persons whose names begin with a letter in the first half of the alphabet" would be "truly irrational." Chesterfield, 963 F.2d at 1104.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings on Count III of the Amended Complaint (Doc. No. 25) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.


Dated this 14th day of May, 2008.

                                       /s/ Jean C. Hamilton
                                       UNITED STATES DISTRICT JUDGE