UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| USCOC OF GREATER MISSOURI, LLC d/b/a U.S. CELLULAR, | ) ) ) | |
| Plaintiff(s), | ) ) | |
| vs. | ) ) | Case No. 4:07CV1426 JCH |
| COUNTY OF FRANKLIN, MISSOURI, | ) ) ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment, filed March 14, 2008. (Doc. No. 27). The matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff USCOC of Greater Missouri, LLC d/b/a U.S. Cellular ("U.S. Cellular"), is a cellular telecommunications provider, organized under the laws of the State of Delaware and authorized to do business in the State of Missouri. (First Amended Complaint ("Complaint" or "Compl."), ¶ 1). U.S. Cellular maintains a nationwide cellular network, which it expands by building, maintaining and operating wireless communications towers. (Id.). Defendant County of Franklin, Missouri ("Franklin County"), is a political subdivision of the State of Missouri, organized and existing as a first-class county with a non-charter form of government. (Id., ¶ 2).

U.S. Cellular seeks to provide "in-Vehicle coverage on Hwy 100 between Herman and New Haven towns as well as coverage in the surrounding rural areas around the site for reliable portable phone calls." (U.S. Cellular's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment ("U. S. Cellular's Facts"), ¶ 1, quoting U.S. Cellular's Application, P. 5). Toward that end, a U.S. Cellular radio frequency engineer, Sandeep Shrivastava ("Shrivastava"),

created a "Search Ring," marking the property in which U.S. Cellular's equipment allegedly would need to be located to achieve the desired coverage. (Id., ¶ 2). No available water towers or existing towers for co-location exist within the search area created by U.S. Cellular. (Id., ¶ 4).

Mr. Russell Been ("Been") of Cellective Solutions, LLC, contacted persons owning land within the Search Ring, and found a landowner willing to lease to U.S. Cellular property near the intersection of Highway 100 and Highway Z in Franklin County (the "Property"). (U.S. Cellular's Facts, ¶ 5). The Property is located within an Agricultural Non-Urban zoning district, and thus requires a Conditional Use Permit for construction of a cellular tower. (Id., ¶ 6).

In January, 2007, U.S. Cellular c/o Been of Cellective Solutions, LLC, filed an application for a Conditional Use Permit (the "Application") to construct a cell tower near the intersection of Highways 100 and Z. (U.S. Cellular's Facts, ¶ 7). On or about February 20, 2007, the Franklin County Planning and Zoning Commission ("P&Z") held a meeting on the Application. (Id., ¶ 8). U.S. Cellular submitted a packet of information at the meeting, and Been attended the hearing and offered additional evidence in favor of the Application. (Id., ¶ 9). The information included a report from Shrivastava, explaining that obtaining coverage depends on a number of factors, including topography and site performance in relation to already existing U.S. Cellular sites. (Id., ¶¶ 10, 12).[1] On or about March 7, 2007, Been submitted supplemental information to the P&Z, including information regarding the alleged insufficiency of and/or inability to use alternative locations. (Compl., ¶ 10).

---

[1] Shrivastava explained: "If cellular communication towers are too close to each other, they interfere with each other. If they are too far apart, insufficient or poor coverage is obtained. Both problems manifest themselves in the form of increased dropped calls, cross talk, static, bit-error-rate (BER is the digital equivalent to analog interference), and interference." (U.S. Cellular's Facts, ¶ 11, quoting Application, P. 5).

On or about March 20, 2007, the P&Z held another meeting to evaluate U.S. Cellular's Application. (U.S. Cellular's Facts, ¶ 18). During this meeting, the Commissioners voted to deny the Application. (Id., ¶ 20). A letter dated April 11, 2007[2], indicated the reason for the denial was that the Commissioners, "believed a better location could be found that could fulfill the purpose of this tower, either by co-locating on a nearby tower or choosing another location, possibly in a neighboring county." (Id., ¶ 23, quoting Compl., att. Exh. A).

U.S. Cellular appealed the P&Z's denial to the Franklin County Board of Zoning Adjustment ("BZA"), asserting the decision was inconsistent with applicable Franklin County and federal law (the "Appeal"). (Compl., ¶ 16). On or about May 22, 2007, the BZA held a public hearing on the Appeal. (Id., ¶ 17). During the hearing, the BZA members reviewed radio propagation maps presented by the U.S. Cellular radio frequency engineer, and opined that U.S. Cellular could achieve its coverage objectives by building two sites, one on the Berger water tank and one on the New Haven Ambulance District tower. (Id., ¶ 19).[3] Three of the five members of the BZA then voted in favor of a motion to deny U.S. Cellular's appeal. (Id., ¶ 22). On or about July 11, 2007, the BZA issued a written decision on the Appeal[4], stating in its entirety as follows:

> In the Matter, of U.S. Cellular c/o Cellective Solutions, LLC appealing a decision by the Planning & Zoning Commission denying a request for approval of a Conditional Use Permit to construct a 250' guyed wire tower with supporting ground equipment in an Agricultural Non Urban (ANU) Zoning District. Property is (19) nineteen acres in size located off Highway

---

[2] Section 81 of Franklin County's Unified Land Regulations requires the P&Z to issue a written decision. (U.S. Cellular's Facts, ¶ 21).

[3] U.S. Cellular's engineer testified that neither site individually would sufficiently meet U.S. Cellular's needs, and that utilizing both sites together would be uneconomical. (Compl., ¶¶ 20, 21).

[4] Franklin County Unified Land Regulations require that any decision rendered by the BZA regarding an appeal must be in writing, and must state the "board's findings and conclusions, as well as supporting reasons or facts." (Compl., ¶ 23, quoting Unified Land Regulation, at Section 81: Written Decision).

100 West on the southwest corner of State Road Z in Township 45 North, Range 4 West in Section 15 of Boeuf Township being parcel 3-5-15.0-0-000-14.100.

**WHEREAS**, the Franklin County Board of Zoning Adjustment held a public hearing on May 22, 2007 for the purpose of gathering facts concerning the appeal submitted by U.S. Cellular c/o Cellective Solutions, LLC, appealing the denial of a Conditional Use Permit by the Planning & Zoning Commission; and

**WHEREAS**, the Board does find and determine that the property in question is located within the unincorporated area of Franklin County in an ANU Agricultural Non-Urban zoning district; and

**WHEREAS**, the Board has considered the guidelines stated in the Franklin County Land Use Regulations pertaining to Conditional Use Permits and Communications Towers and providing in part:

Section 64 of the Franklin County Land Use Regulations
- (1) Will not materially endanger the public health or safety, and
- (2) Will not substantially injure the value of adjoining or abutting property, and
- (3) Will be in harmony with the area in which it is located, and
- (4) Will be in general conformity with the land use plan, highway master plan, or other plan officially adopted by the County Commission; and

Appendix F-7 of the Franklin County Land Use Regulations Subsection (c) Findings Required
- (1) That the proposed tower is not and cannot be located within a Communications Tower Multi-Use Interest Area as designated by such map, or if so located, meets the co-location requirements of this section.
- (2) No existing towers, structures or buildings within the necessary geographic area for the applicant's tower meet the applicant's necessary engineering requirements considering (1) height, (2) structural strength, (3) resulting signal interference, (4) feasibility of retrofitting, (5) feasibility of redesigning the applicant's tower network or (6) other limiting conditions that render existing towers, structures or buildings with[in] the applicant's required geographic area unsuitable.
- (3) That the design of the tower or structure, including the antennae, shelter and ground layout maximally reduces visual degradation and otherwise complies with provisions and intent of this Section. New towers shall be of a monopole design,

> unless it is shown that an alternative design would equally or better satisfy this provision.
>
> (4) That the proposal minimizes the number and/or size of towers or structures that will be required in the area.
>
> (5) That the applicant has not previously failed to take advantage of reasonably available shared use opportunities or procedures provided by this amendment or otherwise.
>
> (6) That no land owned by any agency of the federal or state government, or by any political subdivision of the state, is available for locating the structure or tower; and
>
> **WHEREAS**, the Franklin County Land Use Regulations provide that a motion to reverse or modify a decision regarding a Conditional Use Permit requires at least a four-fifths vote of the Board for adoption and a motion to uphold a decision regarding a Conditional Use Permit requires at least a two-fifths vote of the Board; and
>
> **WHEREAS**, a motion was made to approve the Planning and Zoning Commission's denial of the requested Conditional Use Permit and, with all five (5) of the Board of Zoning Adjustment members being present and voting, three (3) voted to uphold the Planning and Zoning Commission decision and two (2) voted to overturn the decision;
>
> **THEREFORE**, applying the procedures set out in the Franklin County Land Use Regulations of 2001, <u>the Planning and Zoning Commission decision to deny the Conditional Use Permit is affirmed</u>.
>
> **A COPY OF THIS DECISION** shall be sent to the applicant and a copy shall be placed in the case file as an official Record of Decision.

(<u>Id.</u>, ¶ 25 and att. Exh. B).

U.S. Cellular filed its First Amended Complaint in this matter on December 31, 2007. (Doc. No. 16). In its Complaint, U.S. Cellular asserts the following causes of action: Violation of 42 U.S.C. § 332(c)(7)(B)(iii) (Lack of Substantial Evidence) (Count I); Violation of 42 U.S.C. § 332(c)(7)(B)(i)(I) (Unreasonable Discrimination) (Count II); Violation of Due Process Rights (Count III); and State Law Violations (Count IV). (<u>Id.</u>, ¶¶ 30-57). As stated above, U.S. Cellular filed the instant Motion for Partial Summary Judgment on March 14, 2008, requesting judgment as a matter of law on Counts I and IV of its First Amended Complaint. (Doc. No. 27).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

Congress enacted the Telecommunications Act of 1996 ("TCA" or "Act"), "to foster competition among telecommunications providers, to improve the quality of their services, and to encourage the rollout of new technologies without delay." USCOC of Greater Iowa, Inc. v. Zoning

Board of Adjustment of Des Moines, 465 F.3d 817, 820 (8th Cir. 2006) (citation omitted). One method that Congress employed to accomplish these goals was the, "reduction of the impediments imposed by local governments upon the installation of facilities for wireless communications, such as antenna towers." City of Rancho Palos Verdes, Cal. v. Abrams, 544 U.S. 113, 115, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005). "But in the Act, Congress specifically preserved the authority of local zoning boards 'over decisions regarding the placement, construction, and modification of personal wireless service facilities,' subject to some limitations." USCOC of Greater Iowa, 465 F.3d at 820, quoting 47 U.S.C. § 332(c)(7)(A).[5] "Among those limitations is a requirement that a decision like the one at issue here, denying permission to construct a cellular tower, 'be in writing and supported by substantial evidence contained in a written record.'" Id., quoting 47 U.S.C. § 332(c)(7)(B)(iii).[6]

In its Motion for Partial Summary Judgment, U.S. Cellular contends the BZA's denial violates the TCA's requirement that the decision be "in writing," as it contains neither the reasons for the denial, nor any explanation of the reasons for the denial. It further alleges no substantial evidence exists within the written record to support the BZA's denial of the Application. For relief, U.S. Cellular seeks an injunction ordering Franklin County to issue a Conditional Use Permit in accordance with the Application, plans, and specifications submitted by U.S. Cellular.

I.   **Was The Denial Of U.S. Cellular's Application "In Writing"?**

---

[5] With the TCA, "'Congress sought to strike a deliberate compromise between two competing aims-to facilitate nationally the growth of wireless telephone service and to maintain substantial local control of siting of towers.'" Sprint Spectrum L.P. v. County of St. Charles, Mo., 2005 WL 1661496 at *3 (E.D. Mo. Jul. 6, 2005), quoting Town of Amherst v. Omnipoint Communications Enters., 173 F.3d 9, 13 (1st Cir. 1999).

[6] The TCA grants courts jurisdiction to review such orders. See 47 U.S.C. § 332(c)(7)(B)(v).

As previously stated, the TCA requires that a denial be "in writing."  47 U.S.C. § 332(c)(7)(B)(iii).  "The purpose of requiring writing is that when a dispute arises the court must determine, among other things, whether a decision denying a permit is supported by substantial evidence."  Sprint Spectrum L.P. v. County of St. Charles, Mo., 2005 WL 1661496 at *3 (internal quotations and citation omitted).

Various circuits have interpreted the "in writing" requirement differently, and the Eighth Circuit has not yet specifically ruled on the issue.  Sprint Spectrum L.P. v. County of Platte, Mo., 2007 WL 2994362 at *2 (W.D. Mo. Oct. 11, 2007) (citations omitted).  In its only opinion addressing the requirement, however, the Eighth Circuit adopted a lenient approach, as follows:

> We are not precluded from citing record evidence in our review of the Board's decision merely because the Board failed to mention that evidence in its order.  The TCA requires only that the Board's final decision be in writing and supported by substantial evidence **in a written record**, not that every necessary finding be in the written decision.

USCOC of Greater Iowa, 465 F.3d at 824 (emphasis in original).  In applying this standard, this Court finds the BZA's denial here complies with the "in writing" requirement of the TCA, and so U.S. Cellular's Motion for Partial Summary Judgment on this point must be denied.  See Sprint Spectrum L.P. v. County of Platte, Mo., 2007 WL 2994362 at *3 (finding "in writing" requirement that decision be separate from written record, describe the reasons for denial, and contain a sufficient explanation of reasons to allow reviewing court to evaluate the evidence in the record supporting those reasons, satisfied by written decision that merely recited the general standards for denial specified in relevant ordinance).

**II.   Was The Denial Of U.S. Cellular's Application Supported By Substantial Evidence?**

47 U.S.C. § 332(c)(7)(B)(iii) also requires that a local zoning authority decision denying a request to place, construct, or modify personal wireless services facilities be supported by "substantial

evidence." In a recent opinion, Judge Dean Whipple of the Western District of Missouri explained the requirement as follows:

> Substantial evidence is less than a preponderance, but more than a scintilla. A decision is supported by substantial evidence if the record contains such evidence as a reasonable mind might accept as adequate to support a conclusion. Review under this standard is essentially deferential, such that courts may neither engage in their own fact-finding nor supplant a local zoning entity's reasonable determinations. In applying this standard to the facts of a given case, the written record must be viewed in its entirety, including all evidence supporting both parties.

Sprint Spectrum L.P. v. County of Platte, Mo., 2007 WL 2994362 at *3 (citations omitted). See also USCOC of Greater Iowa, 465 F.3d at 820, quoting 47 U.S.C. § 332(c)(7)(B)(iii) (under the provisions of the TCA, courts do not have the authority to hear a zoning case anew, or to take new evidence, "but only to review the 'written record' for 'substantial evidence' supporting the decision of the local authority."). Furthermore, the Eighth Circuit employs the usual standard of review for an agency action in federal court, and thus places the burden on the party seeking to overturn the zoning decision to demonstrate it was not supported by substantial evidence. USCOC of Greater Iowa, 465 F.3d at 821.

Upon consideration, the Court will deny this portion of U.S. Cellular's Motion for Partial Summary Judgment as well, as a genuine issue of material fact remains with respect to whether there was substantial evidence supporting Franklin County's decision to deny the Application. Specifically, as noted above, in its written decision the BZA included, among others, the following reasons for the denial:

> Appendix F-7 of the Franklin County Land Use Regulations Subsection (c)
> Findings Required
> (1) That the proposed tower is not and cannot be located within a Communications Tower Multi-Use Interest Area as designated by such map, or if so located, meets the co-location requirements of this section.

(2) No existing towers, structures or buildings within the necessary geographic area for the applicant's tower meet the applicant's necessary engineering requirements considering (1) height, (2) structural strength, (3) resulting signal interference, (4) feasibility of retrofitting, (5) feasibility of redesigning the applicant's tower network or (6) other limiting conditions that render existing towers, structures or buildings with[in] the applicant's required geographic area unsuitable.

(3) That the design of the tower or structure, including the antennae, shelter and ground layout maximally reduces visual degradation and otherwise complies with provisions and intent of this Section. New towers shall be of a monopole design, unless it is shown that an alternative design would equally or better satisfy this provision.

(4) That the proposal minimizes the number and/or size of towers or structures that will be required in the area.

(5) That the applicant has not previously failed to take advantage of reasonably available shared use opportunities or procedures provided by this amendment or otherwise.

(6) That no land owned by any agency of the federal or state government, or by any political subdivision of the state, is available for locating the structure or tower; and

(Compl., att. Exh. B). When questioned regarding the efficacy of co-locating on two existing structures, one or both of which may be government owned, U.S. Cellular's own engineer testified as follows:

Mr. Upchurch (Chairman of the BZA):
Okay. But I'll ask the obvious. Because if I took--if I took the--the Berger water tank drawing and the New Haven ambulance district-- which is a government drawing, which by the regs we need to consider first--I get pretty good coverage. Am I missing something here?

Mr. Shrivastava (U.S. Cellular engineer):
Well, sir, as I said, our objective is to provide seamless coverage on Highway 100.

Upchurch: Well, and--and if I saw those two together, I'd know how seamless we were. But I'm not seeing them together. Do you see my question?

Shrivastava: But sir, we are actually proposing only one location. To your point, *if we use both the locations, we may have better coverage,* but that

- 10 -

was not what we are actually looking at right now. We are looking
at one location right now.

(BZA Appeal Hearing Transcript, P. 64 (emphasis added)). Further, although the engineer testified it would be economically infeasible to utilize two locations instead of one (Id., P. 65), U.S. Cellular failed to provide specifics regarding their expected return on investment, the other factor apparently considered in determining economic feasibility. (Id., P. 77). The Court thus finds an issue of fact remains as to whether substantial evidence supporting the reasons for the BZA's denial exists within the written record, and so U.S. Cellular's Motion for Partial Summary Judgment on this point must be denied. (See Id., PP. 110-111 (describing reasons for denial)).[7]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that U.S. Cellular's Motion for Partial Summary Judgment (Doc. No. 27) is **DENIED**.

Dated this 15th day of May, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[7] In light of the above rulings, the Court will deny U.S. Cellular's Motion for Partial Summary Judgment on Count IV as well.