UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| USCOC OF GREATER MISSOURI, LLC ) <br> d/b/a U.S. CELLULAR, ) <br> ) <br>     Plaintiff(s), ) <br> ) <br>   vs. ) <br> ) <br> COUNTY OF FRANKLIN, MISSOURI, ) <br> ) <br>     Defendant(s). ) | Case No. 4:07CV1426 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court for final determination on the claims of Plaintiff USCOC of Greater Missouri, LLC d/b/a U.S. Cellular ("U.S. Cellular"), raised in its First Amended Complaint. Having considered the pleadings, trial briefs, exhibits, and proposed findings of fact and conclusions of law submitted by the parties, the Court hereby makes and enters the following findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

### Findings of Fact

1. Plaintiff U.S. Cellular is a cellular telecommunications provider, organized under the laws of the State of Delaware and authorized to do business in the State of Missouri.

2. U.S. Cellular maintains a nationwide cellular network, which it expands by building, maintaining and operating wireless communications towers.

3. Defendant County of Franklin, Missouri ("Franklin County"), is a political subdivision of the State of Missouri, organized and existing as a first-class county with a non-charter form of government.

4. U.S. Cellular provides cellular telecommunications service in Franklin County, but a gap exists in its service along Hwy 100 between Herman and New Haven towns, as well as in the surrounding rural areas.

5. U.S. Cellular's radio frequency engineer, Sandeep Shrivastava ("Shrivastava" or the "Engineer"), created a "Search Ring," marking the property in which U.S. Cellular could locate a cellular telecommunications tower to fill the gap in service.

6. No government-owned property existed within the Search Ring.

7. No available water towers or existing towers for co-location existed within the Search Ring created by U.S. Cellular.

8. U.S. Cellular leased property (the "Property") within the Search Ring near the intersection of Highway 100 and Highway Z in Franklin County, to construct the Tower (the "Proposed Tower Site").

9. The Property is located within an Agricultural Non-Urban zoning district, and thus requires a Conditional Use Permit for construction of a cellular tower.

10. In January, 2007, U.S. Cellular filed an application for a Conditional Use Permit (the "Application") to construct a cell tower on the Proposed Tower Site.

11. On or about February 20, 2007, the Franklin County Planning and Zoning Commission ("P&Z") held a meeting on the Application.

12. U.S. Cellular submitted a packet of information at the meeting, including its Engineer's report stating in relevant part as follows:

> If cellular communication towers are too close to each other, they interfere with each other. If they are too far apart, insufficient or poor coverage is obtained. Both problems manifest themselves in the form of increased dropped calls, cross talk, static, bit-error-rate (BER is the digital equivalent to analog interference), and interference.

13. On or about March 7, 2007, U.S. Cellular submitted supplemental information to the P&Z, including information regarding the alleged insufficiency of and/or inability to use alternative locations.

14. On or about March 20, 2007, the P&Z held another meeting to evaluate U.S. Cellular's Application.

15. During this meeting, the P&Z Commissioners voted to deny U.S. Cellular's Application.

16. Section 81 of Franklin County's Unified Land Regulations requires that any decision rendered by the P&Z regarding Conditional Use Permits must be reduced to writing, and must state the "board's findings and conclusions, as well as supporting reasons or facts."

17. Through a letter dated April 11, 2007, the P&Z indicated the reason for the denial was that the Commissioners, "believed a better location could be found that could fulfill the purpose of this tower, either by co-locating on a nearby tower or choosing another location, possibly in a neighboring county."

18. U.S. Cellular appealed the P&Z's denial to the Franklin County Board of Zoning Adjustment ("BZA" or "Board").

19. On or about May 22, 2007, the BZA held a public hearing on the Appeal.

20. During the hearing, the BZA members reviewed radio propagation maps presented by the U.S. Cellular radio frequency engineer, and one member, Mr. Gordon Upchurch, opined that U.S. Cellular could achieve its coverage objectives by co-locating on two sites, one on the Berger water tower and one on the New Haven Ambulance District tower.

21. Neither an individual site on the Berger water tower nor one on the New Haven Ambulance District tower would provide the desired coverage.

22. During the hearing on the Appeal, the Engineer testified that by using the two sites together, U.S. Cellular might actually achieve better coverage.[1]

23. Three of the five members of the BZA then voted in favor of a motion to deny U.S. Cellular's Appeal.

24. Franklin County Unified Land Regulations Section 81 requires that any decision rendered by the BZA regarding an appeal must be in writing, and must state the "board's findings and conclusions, as well as supporting reasons or facts."

25. On or about July 11, 2007, the BZA issued a written decision on the Appeal, affirming the denial of U.S. Cellular's Application.

26. The BZA's decision stated in its entirety as follows:

> In the Matter, of U.S. Cellular c/o Cellective Solutions, LLC appealing a decision by the Planning & Zoning Commission denying a request for approval of a Conditional Use Permit to construct a 250' guyed wire tower with supporting ground equipment in an Agricultural Non Urban (ANU) Zoning District. Property is (19) nineteen acres in size located off Highway 100 West on the southwest corner of State Road Z in Township 45 North, Range 4 West in Section 15 of Boeuf Township being parcel 3-5-15.0-0-000-14.100.
>
> **WHEREAS**, the Franklin County Board of Zoning Adjustment held a public hearing on May 22, 2007 for the purpose of gathering facts concerning the appeal submitted by U.S. Cellular c/o Cellective Solutions, LLC, appealing the denial of a Conditional Use Permit by the Planning & Zoning Commission; and
>
> **WHEREAS**, the Board does find and determine that the property in question is located within the unincorporated area of Franklin County in an ANU Agricultural Non-Urban zoning district; and
>
> **WHEREAS**, the Board has considered the guidelines stated in the Franklin County Land Use Regulations pertaining to Conditional Use Permits and Communications Towers and providing in part:

---

[1] U.S. Cellular's Engineer further testified it would be economically infeasible to provide coverage using two sites when the same coverage could be achieved using only one site.

Section 64 of the Franklin County Land Use Regulations
    (1)    Will not materially endanger the public health or safety, and
    (2)    Will not substantially injure the value of adjoining or abutting property, and
    (3)    Will be in harmony with the area in which it is located, and
    (4)    Will be in general conformity with the land use plan, highway master plan, or other plan officially adopted by the County Commission; and

Appendix F-7 of the Franklin County Land Use Regulations Subsection (c) Findings Required
    (1)    That the proposed tower is not and cannot be located within a Communications Tower Multi-Use Interest Area as designated by such map, or if so located, meets the co-location requirements of this section.
    (2)    No existing towers, structures or buildings within the necessary geographic area for the applicant's tower meet the applicant's necessary engineering requirements considering (1) height, (2) structural strength, (3) resulting signal interference, (4) feasibility of retrofitting, (5) feasibility of redesigning the applicant's tower network or (6) other limiting conditions that render existing towers, structures or buildings with[in] the applicant's required geographic area unsuitable.
    (3)    That the design of the tower or structure, including the antennae, shelter and ground layout maximally reduces visual degradation and otherwise complies with provisions and intent of this Section. New towers shall be of a monopole design, unless it is shown that an alternative design would equally or better satisfy this provision.
    (4)    That the proposal minimizes the number and/or size of towers or structures that will be required in the area.
    (5)    That the applicant has not previously failed to take advantage of reasonably available shared use opportunities or procedures provided by this amendment or otherwise.
    (6)    That no land owned by any agency of the federal or state government, or by any political subdivision of the state, is available for locating the structure or tower; and

**WHEREAS**, the Franklin County Land Use Regulations provide that a motion to reverse or modify a decision regarding a Conditional Use Permit requires at least a four-fifths vote of the Board for adoption and a motion to uphold a decision regarding a Conditional Use Permit requires at least a two-fifths vote of the Board; and

**WHEREAS**, a motion was made to approve the Planning and Zoning Commission's denial of the requested Conditional Use Permit and, with all

five (5) of the Board of Zoning Adjustment members being present and voting, three (3) voted to uphold the Planning and Zoning Commission decision and two (2) voted to overturn the decision;

**THEREFORE**, applying the procedures set out in the Franklin County Land Use Regulations of 2001, <u>the Planning and Zoning Commission decision to deny the Conditional Use Permit is affirmed</u>.

**A COPY OF THIS DECISION** shall be sent to the applicant and a copy shall be placed in the case file as an official Record of Decision.

### Conclusions Of Law

1. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as this case arises under the laws of the United States, namely, the Federal Telecommunications Act of 1996, 47 U.S.C. §§ 332, <u>et seq.</u> This Court has supplemental jurisdiction over those claims arising under Missouri state law pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

3. Congress enacted the Federal Telecommunications Act of 1996 ("TCA" or the "Act"), "to foster competition among telecommunications providers, to improve the quality of their services, and to encourage the rollout of new technologies without delay." <u>USCOC of Greater Iowa, Inc. v. Zoning Board of Adjustment of the City of Des Moines</u>, 465 F.3d 817, 820 (8th Cir. 2006) (citation omitted).

4. One method that Congress employed to accomplish these goals was the, "reduction of the impediments imposed by local governments upon the installation of facilities for wireless communications, such as antenna towers." <u>City of Rancho Palos Verdes, Cal. v. Abrams</u>, 544 U.S. 113, 115, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005).

5. "But in the Act, Congress specifically preserved the authority of local zoning boards 'over decisions regarding the placement, construction, and modification of personal wireless service facilities,' subject to some limitations." <u>USCOC of Greater Iowa</u>, 465 F.3d at 820, quoting

47 U.S.C. § 332(c)(7)(A).[2] "Among those limitations is a requirement that a decision like the one at issue here, denying permission to construct a cellular tower, 'be in writing and supported by substantial evidence contained in a written record.'" Id., quoting 47 U.S.C. § 332(c)(7)(B)(iii).

### A. "In Writing" Requirement

6. As stated above, the TCA requires that any decision denying permission to construct a telecommunications tower be in writing. 47 U.S.C. § 332(c)(7)(B)(iii).

7. "A decision is in writing if it is (1) separate from the written record; (2) describes the reasons for the denial; and (3) contains a sufficient explanation of the reasons for the denial to allow a reviewing court to evaluate the evidence in the record that supports those reasons." USCOC of Greater Missouri, LLC v. City of Ferguson, Mo., 2008 WL 2065033 at *8 (E.D. Mo. May 14, 2008) (citations omitted).

8. This Court previously held the BZA's denial complied with the "in writing" requirement of the TCA. See Doc. No. 36, PP. 7-8.

9. Upon further consideration, however, the Court finds that while the BZA's order denying U.S. Cellular's Application was separate from the written record, it did not contain any explanation of the reasons for the denial. New Par v. City of Saginaw, 301 F.3d 390, 396 (6th Cir. 2002). Rather, the denial simply quoted verbatim language from Franklin County's Land Regulations.

---

[2] With the TCA, "'Congress sought to strike a deliberate compromise between two competing aims-to facilitate nationally the growth of wireless telephone service and to maintain substantial local control of siting of towers.'" Sprint Spectrum L.P. v. County of St. Charles, Mo., 2005 WL 1661496 at *3 (E.D. Mo. Jul. 6, 2005), quoting Town of Amherst v. Omnipoint, 173 F.3d 9, 13 (1st Cir. 1999).

10. "Permitting local boards to issue written denials that give no reasons for a decision would frustrate meaningful judicial review, even where the written record may offer some guidance as to the board's rationale." Sprint Spectrum, 2005 WL 1661496 at *4 (internal quotations and citations omitted). See also USCOC of Greater Missouri, 2008 WL 2065033 at *10 (finding the written decision to be "the most useful document in the record").

11. Upon consideration of the foregoing, the Court concludes the BZA's decision was not "in writing" for purposes of the TCA.[3]

12. As discussed below, however, the appropriate remedy for such a violation, "may not always be an injunction, but may sometimes be a remand, depending on the nature of the board's decision and the circumstances of the case." National Tower, LLC v. Plainville Zoning Bd. of Appeals, 297 F.3d 14, 22 (1st Cir. 2002). See also USOC of Greater Iowa, Inc. v. City of Bellevue, Nebraska, 279 F.Supp.2d 1080, 1088 (D. Neb. 2003) (citation omitted) ("[R]emand may be appropriate in cases where the record reflects that the decision maker had a legitimate concern that was either not addressed or was not adequately addressed.").

### B. "Substantial Evidence" Requirement

13. As stated above, the TCA requires that any decision denying permission to construct a telecommunications tower be supported by substantial evidence. 47 U.S.C. § 332(c)(7)(B)(iii).

14. "Substantial evidence is less than a preponderance, but more than a scintilla. A decision is supported by substantial evidence if the record contains such evidence as a reasonable mind might accept as adequate to support a conclusion. Review under this standard is essentially

---

[3] The Court finds this interpretation represents a more coherent reading of the TCA than the one previously espoused.

deferential, such that courts may neither engage in their own fact-finding nor supplant a local zoning entity's reasonable determinations." Sprint Spectrum L.P. v. County of Platte, Mo., 2007 WL 2994362 at *3 (W.D. Mo. Oct. 11, 2007) (citations omitted); see also USCOC of Greater Iowa, 465 F.3d at 820, quoting 47 U.S.C. § 332(c)(7)(B)(iii) (under the provisions of the TCA, courts do not have the authority to hear a zoning case anew, or to take new evidence, "but only to review the 'written record' for 'substantial evidence' supporting the decision of the local authority.").

15. Under the TCA, the burden is on the party seeking to overturn the zoning decision, to demonstrate it was not supported by substantial evidence. USCOC of Greater Iowa, 465 F.3d at 821.

16. Franklin County now claims the BZA's adverse determination was based at least in part on the following testimony from U.S. Cellular's Engineer, regarding the efficacy of co-locating on two existing structures, one or both of which may be government owned:

> Mr. Upchurch (Chairman of the BZA):
> Okay. But I'll ask the obvious. Because if I took--if I took the--the Berger water tank drawing and the New Haven ambulance district--which is a government drawing, which by the regs we need to consider first--I get pretty good coverage. Am I missing something here?
>
> Mr. Shrivastava (U.S. Cellular engineer):
> Well, sir, as I said, our objective is to provide seamless coverage on Highway 100.
>
> Upchurch: Well, and--and if I saw those two together, I'd know how seamless we were. But I'm not seeing them together. Do you see my question?
>
> Shrivastava: But sir, we are actually proposing only one location. To your point, *if we use both the locations, we may have better coverage,* but that was not what we are actually looking at right now. We are looking at one location right now.

(BZA Appeal Hearing Transcript, P. 64 (emphasis added)).

17. The BZA's written decision does not cite that testimony, however, or any other evidence in the record supporting its denial of U.S. Cellular's Application.

18. "The question thus becomes whether this Court may look beyond a written decision to the written record of the Board's discussions to fathom the real reasons for the Board's denial, and then ascertain whether they were supported by substantial evidence." Nextel Communications of the Mid-Atlantic, Inc. v. Town of Randolph, 193 F.Supp.2d 311, 319 (D. Mass. 2002).

19. Upon consideration, the Court finds it inappropriate to scour the record for substantial evidence supporting the decision. See Nextel Communications, 193 F.Supp.2d at 319 ("While local boards are staffed by lay people inexperienced in the writing of official decisions, a written denial should contain the reasons that commanded the support of a majority of the Board.").

20. The Court finds the proper remedy here is to remand the case to the BZA, for both a new hearing on U.S. Cellular's Appeal and a new written decision.[4] The Court further holds that in order to ensure a full and fair consideration of the Application for the Conditional Use Permit, U.S. Cellular must be permitted to present new evidence in support of its Appeal during the hearing.[5]

---

[4] U.S. Cellular's requested relief, an outright reversal of the BZA's decision and an expedited mandatory injunction or writ in the nature of mandamus compelling Franklin County to issue the Conditional Use Permit, is inappropriate in this case, as the record suggests the Board may have had an inadequately addressed legitimate concern regarding possible co-location on two existing structures. See Nextel Communications, 193 F.Supp. 2d at 319; City of Bellevue, 279 F.Supp.2d at 1088.

[5] U.S. Cellular may, among other things, supplement its evidence on both the economic infeasibility of co-locating on two towers, and the allegedly unacceptable level of interference

## **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that this case is **REMANDED** for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** that the hearing on U.S. Cellular's Appeal must take place no later than **Wednesday, November 19, 2008**.

**IT IS FURTHER ORDERED** that the BZA must issue its decision on U.S. Cellular's Appeal no later than **Friday, December 19, 2008**.

**IT IS FURTHER ORDERED** that the Court will stay the remainder of this case pending the proceedings on remand.

Dated this 20th day of August, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

associated with utilizing the New Haven Ambulance District tower.